**Royal Anthony HAYDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–94–00382–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 18, 1996.

Kristine C. Woldy, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before Murphy, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant, Royal Anthony Hayden, appeals a jury conviction for aggravated sexual assault of his eight-year-old niece. *See* TEX.

PENAL CODE ANN. § 22.021(a) (Vernon 1989).[1] After finding "true" to an enhancement paragraph, the jury sentenced appellant to thirty (30) years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings three points of error, contending (1) the trial court improperly overruled his motion to dismiss; (2) the trial court erred in allowing the complainant's hearsay statements in evidence; and (3) the evidence is insufficient to support his conviction. We affirm.

In his first point of error, appellant contends the trial court improperly overruled his motion to dismiss because the State failed to re-offer the evidence from the guilt/innocence stage of the trial during the punishment phase. Appellant now maintains that because the prosecution referred to this evidence during argument at the punishment stage, his punishment was based on evidence not properly before the jury. However, the jury determines punishment based on evidence presented during either the guilt/innocence *or* punishment phases of the trial. *See Ex parte Ellis,* 810 S.W.2d 208, 211 (Tex. Crim.App.1991). Moreover, because appellant fails to direct our attention to any caselaw or statutory authority, which requires the prosecution to re-offer evidence during the punishment phase, he waives appellate review. TEX.R.APP. P. 74(f); *Penry v. State,* 903 S.W.2d 715, 765 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995); *Kindley v. State,* 879 S.W.2d 261, 263 (Tex.App.—Houston [14th Dist.] 1994, no pet.). Appellant' first point is overruled.

In his second point, appellant argues the trial court erred in allowing Kristen Soudelier, a Child Protective Services Caseworker, to testify as an outcry witness about statements made to her by the complainant. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072; § 2(a) (Vernon Supp.1996). Appellant contends that because there was evidence that Ms. Dean, the complainant's school counselor, was the first person whom the complainant told about the sexual abuse, Soudelier's

---

1. Appellant was convicted of a crime that was committed before September 1, 1994, the effective date of the penal code revision. See Acts 1993, 73rd Leg., ch. 900, § 1.18(b). Therefore, the reference is to the penal code in effect at the time of the commission of the offense.

testimony was inadmissible hearsay. *See id.* Appellant bases his argument on the complainant's following testimony elicited by defense counsel:

> [DEFENSE COUNSEL]: You've said you didn't tell anybody about [the sexual abuse] for a long time; is that right?
>
> [COMPLAINANT]: Yes.
>
> [DEFENSE COUNSEL]: Who was it that you told about it first?
>
> [COMPLAINANT]: The counselor at school.
>
> [DEFENSE COUNSEL]: Do you remember what her name was?
>
> [COMPLAINANT]: Yes.
>
> [DEFENSE COUNSEL]: What?
>
> [COMPLAINANT]: Ms. Dean.
>
> [DEFENSE COUNSEL]: Ms. Dean?
>
> [COMPLAINANT]: Yes.
>
> [DEFENSE COUNSEL]: She's the first person you told?
>
> [COMPLAINANT]: Yes.

(emphasis added).

■ Hearsay is not admissible except as provided by statute or by the rules of criminal evidence. TEX.R.CRIM. EVID. 802; *Long v. State,* 800 S.W.2d 545, 547 (Tex.Crim.App. 1990); *Nelson v. State,* 893 S.W.2d 699, 702 (Tex.App.—El Paso 1995, no pet.). Article 38.072 specifically provides a statutory exception, which allows the State to introduce testimony which would, otherwise, be inadmissible hearsay. *Long,* 800 S.W.2d at 547. The burden is on the State as the proponent of the hearsay evidence to establish compliance with the mandatory provisions of article 38.072 in order for the testimony to be rendered admissible. *Id.*

■ Article 38.072, section 2(a), requires that for the complainant's hearsay statement to be admissible, such statement must have been made to the *first person,* 18 years of age or older, other than the defendant, to whom the complainant, *in some discernible manner, described the alleged offense.* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a) (emphasis added); *see also Garcia v. State,* 792 S.W.2d 88, 91 (Tex.Crim.App.1990). The complainant's statement must be more than a general allusion of sexual abuse. *Garcia,* 792 S.W.2d at 91. Moreover, the trial court is afforded broad discretion to determine whether the complainant's statement falls within the article 38.072 hearsay exception. *Id.* at 92. The exercise of that discretion will not be disturbed unless the record shows a clear abuse of discretion. *Id.*; *Dorado v. State,* 824 S.W.2d 794, 795 (Tex.App.—El Paso), *vacated on other grounds,* 843 S.W.2d 37 (Tex.Crim.App.1992).

In the present case, the record fails to show the extent of the complainant's conversation with Dean. Although Dean was the first person the complainant told about the sexual abuse, there is no evidence that the complainant described to her the details of the alleged abuse. *See Garcia,* 792 S.W.2d at 91 (stating that where the record is void of specific details of statements made by the complainant to an individual, such individual cannot be an outcry witness under article 38.072); *Dorado,* 824 S.W.2d at 795 (holding that the trial court did not abuse its discretion in designating the outcry witness where the record failed to show that the complainant detailed the alleged offense to another person who appellant claimed was the "outcry" witness); *Garibay v. State,* 787 S.W.2d 128, 130 (Tex.App.—Corpus Christi 1990, pet. ref'd) (finding that the trial court did not abuse its discretion in designating the outcry witness); *see also* TEX.R.APP. P. 50(d) (stating that the burden is on the appellant to bring forth a sufficient record to show error requiring reversal). Accordingly, we find the trial court did not abuse its discretion by allowing Soudelier to testify as an outcry witness under article 38.072. Appellant's second point is overruled.

■ In appellant's third point of error, he contends the evidence was insufficient to sustain his conviction. When reviewing the legal sufficiency of the evidence, this Court must review all the evidence in the light most favorable to the verdict or judgment. *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim. App.1993); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984). In doing so, we must determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99

S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Ransom v. State*, 789 S.W.2d 572, 577 (Tex. Crim.App.1989), *cert denied*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). In conducting this review, we are not to re-evaluate the weight and credibility of the evidence, but act only to ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). Rather, the jury, as the trier of fact, is the sole judge of the credibility of the witnesses. *Soto v. State*, 864 S.W.2d 687, 691 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (citing *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988)). If there is evidence to establish that the defendant is guilty beyond a reasonable doubt, and the trier of fact believes that evidence, we cannot reverse on insufficient grounds. *Soto*, 864 S.W.2d at 691 (citing *Moreno*, 755 S.W.2d at 867).

Section 22.021(a)(1)(B)(i) of the penal code states that a person commits an aggravated sexual assault if they intentionally or knowingly cause the penetration of the anus or female sexual organ of a child by any means. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i). In the present case, the indictment not only tracked the language of this statute, but also, alleged that appellant penetrated the complainant's sexual organ with his "fingers." Appellant now maintains the evidence was insufficient to support his conviction because the testimony at trial indicated penetration with only one finger.

Allegations in an indictment that are not essential to constitute the offense are treated as mere surplusage, and therefore, do not need to be proven by the State. *Whetstone v. State*, 786 S.W.2d 361, 364 (Tex. Crim.App.1990). An exception to this rule is the State must prove an unnecessary fact plead in an indictment when the fact describes an essential element of the offense. *Id.* Stated differently, allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, may be disregarded. *Hicks v. State*, 864 S.W.2d 693, 694 (Tex.App.—Houston [14th Dist.] 1993, no pet.) (citing *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Crim.App.1975)).

Assuming *arguendo* that the indictment's reference to penetration by "fingers" described an essential element of aggravated sexual assault to a child, the complainant's testimony alone was sufficient evidence to support this alleged fact. *See Meyers v. State*, 737 S.W.2d 6, 9 (Tex.App.—Corpus Christi 1987, no pet.). On direct-examination, the complainant stated as follows:

[PROSECUTOR]: Did [appellant] ever put his fingers inside you?

[COMPLAINANT]: Yes.

(emphasis added). Similarly, in *Meyers*, the appellate court found there was sufficient evidence that appellant penetrated the complainant's vagina with his fingers based on the following testimony:

[PROSECUTOR]: What did [appellant] do?

[COMPLAINANT]: He used his fingers to penetrate my vagina, I think, I don't remember much, sir.

[PROSECUTOR]: Okay, did something go in your vagina?

[COMPLAINANT]: Yes, sir.

[PROSECUTOR]: And you think it was his fingers?

[COMPLAINANT]: Yes, sir.

*Id.*

As in *Meyers*, we conclude that appellant penetrated the complainant's sexual organ with his fingers as alleged in the indictment. Although the record contains conflicting testimony, which indicates that appellant used only one finger, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex.Crim.App.1995); *see also* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Alexander v. State*, 906 S.W.2d 107, 109 (Tex.App.—Dallas 1995, no pet.) (stating that the jury, as the trier of fact, has the responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic ultimate

facts). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.