TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00799-CR






Bartolo Sanchez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 97-510-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING






 Appellant Bartolo Sanchez was charged with four counts of aggravated sexual
assault of a child and one count of indecency with a child by contact. See Tex. Penal Code Ann.
§§ 22.021(a)(2)(B), 21.11(a)(1) (West 1994 & Supp. 1999). A jury acquitted Sanchez of the
sexual assault charges but found him guilty of indecency with a child. Sanchez elected to have the
jury determine his punishment, which it assessed at 15 years' imprisonment. On appeal, Sanchez
brings three points of error relating to the "child outcry" exception to the hearsay rule. See Tex.
Code Crim. Proc. Ann. art. 38.072 (West Supp. 1999). We will affirm the trial-court judgment.


BACKGROUND

 E.S., the complainant, is the step-granddaughter of Bartolo Sanchez; she was eight
and nine years old during the time that appellant was sexually abusing her. In 1995, she and her
older brother Danny began living with appellant and his wife in Georgetown after the Department
of Human Services removed them from the custody of their mother. E.S. and Danny lived with
their grandparents on Pine Street in Georgetown from May 1995 to May 1996, when the family
moved into a house on Holly Street with E.S.'s aunt and several cousins.

 E.S.'s fourth grade teacher in Georgetown for the 1996-97 school year, Cynthia
Wallace, requested that her students keep daily journals. If the children wanted Ms. Wallace to
read their journals, they were to leave them on a designated table in the classroom. On October
3, 1996, E.S. left her journal on the table for Ms. Wallace to read. Her journal entry for that day
reads, with its original errors of spelling and grammar:


Dear Mrs. Wallace, I'am having lots of trobble of with my grampa. he aways
tache were he never tach me befour. went I go to sleep he taches every were. I
am tring to tell him to stop it but he won't stop it. Love [E.S.] help! help! help!


Below the text of the journal entry was drawn a heart-shaped face that appears to be crying.

 Ms. Wallace read the October 3 journal entry that same day. After consulting with
the school counselor, Ms. Trainor, Ms. Wallace wrote a reply to E.S. in the journal and returned
it to the classroom. (1) When E.S. read Ms. Wallace's response on October 4, she acted relieved
and hugged Ms. Wallace, something she had never done before. Ms. Trainor notified the
Department of Human Services about E.S.'s outcry. E.S. and Danny were removed from the
Holly Street home and placed with a family friend.

 Before trial, appellant filed motions to suppress E.S.'s outcry statement and
determine its admissibility. The State filed a Notice of Intent to use Statement of Child Abuse
Victim, in which the State gave notice of E.S.'s October 3 journal entry and of a longer statement
E.S. gave to the Georgetown police on October 4. Before trial, the trial court conducted a hearing
to determine the admissibility of both statements. Over appellant's objection that the outcry did
not sufficiently describe the offense, the court ruled that E.S.'s journal notation to Ms. Wallace
was the original outcry statement, that it was reliable based on the time, content and circumstances
of the statement, and that the child was available to testify. The journal entry, including Ms.
Wallace's reply to E.S., was admitted at trial over appellant's objection.

 E.S.'s trial testimony supports the statements she made in her journal. At trial, she
testified that appellant would come into her room at night while she was asleep; that he would kiss
her and try to put his tongue inside her mouth; that he pulled down her panties; that on a number
of occasions he touched her "middle," meaning between her legs; that he lay on top of her and
moved his body back and forth; and that she told him to stop and tried to push him off, but he
would not stop. She also testified that appellant would say, "I give you this money if you let me
do this," and would offer her bills and coins. E.S. testified that appellant touched her "middle"
while they were living on Pine Street as well as in the house on Holly Street. Finally, E.S.
testified that Ms. Wallace was the first person she told about appellant's behavior.

 Appellant raises three points of error, all related to the statutory "child outcry"
exception to the hearsay rule. See Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1999). 
Specifically, he claims that the trial court erred: (1) in designating Cynthia Wallace as an outcry
witness; (2) by admitting in evidence E.S.'s October 3 journal entry as her outcry statement; and
(3) by not redacting Ms. Wallace's written response to E.S. in her journal.


DISCUSSION

 Article 38.072 creates a statutory exception to the general rule excluding hearsay
evidence for a child abuse victim's initial outcry statement made to the first person 18 years of age
or older, other than the defendant, to whom the child made a statement about the offense. See
Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1999). (2) A trial court has broad discretion
in determining the admissibility of evidence under article 38.072. See Garcia v. State, 792
S.W.2d 88, 92 (Tex. Crim. App. 1990). In particular, a trial court's decision regarding which
of several witnesses is the outcry witness should not be disturbed absent an abuse of discretion. 
See id.

 In his first two points of error, appellant complains that the trial court abused its
discretion (1) in designating Cynthia Wallace as the outcry witness under article 38.072, and (2)
by admitting in evidence E.S.'s October 3 journal entry as her outcry statement. Because
appellant briefs these points together and both points rely on the same argument, we will address
them together. Appellant cites Garcia for the proposition that the outcry statement must be "more
than words which give a general allusion that something in the area of child abuse was going on." 
See Garcia, 792 S.W.2d at 91. Specifically, he argues that E.S.'s outcry statement to Ms.
Wallace is not sufficient to meet the requirements of the statutory hearsay exception because it
provides nothing more than a general allusion that sexual activity was occurring. We disagree.

 As the Garcia court recognized, children often do not speak in exact terms. See
id. Where the child has sufficiently communicated that the touching occurred to a part of the body
within the definition of the statute, the evidence will be sufficient to support a conviction
regardless of the unsophisticated language that the child uses. See Gallegos v. State, 918 S.W.2d
50, 54 (Tex. App.--Corpus Christi 1996, pet. denied) (citing Clark v. State, 558 S.W.2d 887, 889
(Tex. Crim. App. 1977)). Furthermore, the Court of Criminal Appeals has interpreted the phrase
"a statement about the offense" in section 2(a)(2) of article 38.072 to mean "a statement that in
some discernible manner describes the alleged offense." See Garcia, 792 S.W.2d at 91 (emphasis
added); Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2) (West Supp. 1999). E.S.'s October
3 journal entry discernibly described the offense for which appellant was convicted, namely
indecency with a child by contact. (3) Her statements that her grandfather was touching her
"everywhere" and "where he never touched me before" may be reasonably understood to include
contact with her genitals; this is especially true in the context of E.S.'s plea for help and her
statements in the October 3 entry that the touching was taking place at night and that appellant
refused to stop despite being told to do so.

 Appellant's reliance on Garcia, Hayden v. State, and Schuster v. State is misplaced. 
See Hayden, 928 S.W.2d 229 (Tex. App.--Houston [14th Dist.] 1996, pet. denied); Schuster, 852
S.W.2d 766 (Tex. App.--Fort Worth 1993, pet. denied). In each of those cases, the appellant
argued that the trial court should have designated as the outcry witness the first adult to whom the
complainant mentioned something about the sexual abuse alleged, claiming that the disclosure
made to that witness met the requirements of an outcry statement under article 38.072. In Garcia,
the appellant claimed that the complainant's first grade teacher should have been designated as the
outcry witness; in Hayden, it was the complainant's school counselor, and in Schuster, it was the
complainant's mother. See Garcia, 792 S.W.2d at 89; Hayden, 928 S.W.2d at 230; Schuster, 852
S.W.2d at 767. However, in Garcia and Hayden, the record did not reflect what the complainant
told the prospective witness; the record revealed only that some discussion on the subject of child
abuse occurred between them. See Garcia, 792 S.W.2d at 89-90; Hayden, 928 S.W.2d at 231. 
In Schuster, the complainant testified that she told her mother "that he [appellant] had touched
me," but did not testify to any further discussion with her mother. See Schuster, 852 S.W.2d at
767. In addition, the complainant's mother specifically testified that her daughter was too upset
to tell her anything further about the incident. See id. at 768.

 In Garcia, the Court of Criminal Appeals rejected the appellant's argument that the
wrong outcry witness was designated, noting that article 38.072 demands "more than a general
allusion of sexual abuse." See Garcia, 792 S.W.2d at 91. Without knowing what statements were
made to the complainant's teacher, the appellate court could not say that the trial court had erred
in failing to designate her as an outcry witness. See id. The Hayden court cited Garcia in
reaching the same conclusion regarding the school counselor in that case. See Hayden, 928
S.W.2d at 231. Similarly, the Schuster court followed Garcia in holding that the trial judge could
have reasonably determined that the complainant's statement to her mother was merely a general
allusion that something in the area of child abuse was going on, rather than a clear description of
the offense. See Schuster, 852 S.W.2d at 768.

 The circumstances of the present case are distinguishable. The outcry statement
at issue is E.S.'s October 3 journal entry, in which she pleaded for Ms. Wallace to help her
because appellant was touching her "everywhere" and "where he never touched me before." As
explained above, the journal entry taken as a whole would lead any reasonable person to conclude
that E.S. was describing appellant touching her in places that included her genitals. This is
different from the situation in Garcia and Hayden, where the statement sought to be designated
by the appellant as the outcry statement was oral and the record simply did not reflect what was
said by the complainant to the prospective outcry witness. Likewise, E.S.'s complete journal
entry provides a much clearer indication of sexual abuse than the Schuster complainant's
undeveloped testimony that "I told her that he touched me," when the complainant's mother
testified that her daughter did not disclose anything further to her. We hold that the trial court did
not abuse its discretion in designating Ms. Wallace as the outcry witness under article 38.072. 
Appellant's first and second points of error are overruled.

 In his third point of error, appellant alleges that the trial court erred in not redacting
Ms. Wallace's written response to E.S.'s October 3 journal entry. Under Rule 403, a trial court
may exclude relevant evidence if its probative value is substantially outweighed by the danger of
unfair prejudice. Tex. R. Evid. 403. At trial, appellant made a Rule 403 objection to the
admission of Ms. Wallace's written response which the trial court overruled, thereby preserving
any error on that ground. When analyzing a trial court's examination of evidence under Rule 403,
an appellate court will reverse the court's ruling only for a clear abuse of discretion. See Santellan
v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Rule 403 requires the exclusion of
evidence only when there exists a clear disparity between the degree of prejudice and the probative
value of the evidence. See Brimage v. State, 918 S.W.2d 466, 506 (Tex. Crim. App. 1994).

 Appellant makes the conclusory claim that the danger of undue prejudice from the
statement substantially outweighs its probative value. We disagree. The response is merely a
message of sympathy offering support to E.S. and explaining that she could talk to the school
counselor or Ms. Wallace herself about the problem E.S. raised. The message is five sentences
long, does not make reference to appellant, and only indirectly refers to the sexual contact through
the statement "I am very sorry this is happening to you." Moreover, the record reflects that the
jury learned that Ms. Wallace wrote the reply before talking to E.S. on October 4 about the
incident. This fact makes it unlikely that the jury would have interpreted the reply as Ms.
Wallace's evaluation of E.S.'s truthfulness regarding the sexual abuse alleged. Appellant has
failed to show how there exists such a clear disparity between the evidence's probative value and
the degree of prejudice it might cause as to constitute an abuse of discretion by the trial court. We
overrule the third point of error.


CONCLUSION

 The trial court did not abuse its discretion in designating Cynthia Wallace as the
outcry witness under article 38.072, in admitting E.S.'s October 3 journal entry as her outcry
statement, or in refusing to redact Ms. Wallace's written response to E.S. in the journal. We
therefore affirm the trial-court judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: December 17, 1998

Do Not Publish

1. Ms. Wallace's reply, written in the journal below E.S.'s October 3 entry, reads as follows:


Dear [E.S.], I am very sorry this is happening to you. I know this is very hard for
you, and it makes me sad that you are having to go through this. You are welcome
to talk to me or Mrs. Trainor (the counselor) about this. We will do what we can to
help you. I love you and I'm very sorry.
2. Article 38.072 provides:


Sec. 1.  This article applies to a proceeding in the prosecution of an offense under
any of the following provisions of the Penal Code, if committed against a child 12
years of age or younger:


(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);


(2) Section 25.02 (Prohibited Sexual Conduct); or


(3) Section 43.25 (Sexual Performance by a Child).


Sec. 2. (a)  This article applies only to statements that describe the alleged offense
that:


(1) were made by the child against whom the offense was allegedly committed; and


(2) were made to the first person, 18 years of age or older, other than the defendant,
to whom the child made a statement about the offense.


(b) A statement that meets the requirements of Subsection (a) of this article is not
inadmissible because of the hearsay rule if:


(1) on or before the 14th day before the date the proceeding begins, the party
intending to offer the statement:


(A) notifies the adverse party of its intention to do so;


(B) provides the adverse party with the name of the witness through whom it intends
to offer the statement; and


(C) provides the adverse party with a written summary of the statement;


(2) the trial court finds, in a hearing conducted outside the presence of the jury, that
the statement is reliable based on the time, content, and circumstances of the
statement; and


(3) the child testifies or is available to testify at the proceeding in court or in any
other manner provided by law.


Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1999).
3. Section 22.11 states that a person commits the offense of indecency with a child if, with a
child younger than 17 years and not his spouse, he engages in sexual contact with the child. Tex.
Penal Code Ann. § 21.11(a)(1) (West 1994).


y the trial court. We
overrule the third point of error.


CONCLUSION

 The trial court did not abuse its discretion in designating Cynthia Wallace as the
outcry witness under article 38.072, in admitting E.S.'s October 3 journal entry as her outcry
statement, or in refusing to redact Ms. Wallace's written response to E.S. in the journal. We
therefore affirm the trial-court judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: December 17, 1998

Do Not Publish

1. Ms. Wallace's reply, written in the journal below E.S.'s October 3 entry, reads as follows:


Dear [E.S.], I am very sorry this is happening to you. I know this is very hard for
you, and it makes me sad that you are having to go through this. You are welcome
to talk to me or Mrs. Trainor (the counselor) about this. We will do what we can to
help you. I love you and I'm very sorry.
2. Article 38.072 provides:


Sec. 1.  This article applies to a proceeding in the prosecution of an offense under
any of the following provisions of the Penal Code, if committed against a child 12
years of age or younger:


(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);


(2) Section 25.02 (Prohibited Sexual Conduct); or


(3) Section 43.25 (Sexual Performance by a Child).


Sec. 2. (a)  This article applies only to statements that describe the alleged offense
that:


(1) were made by the child against whom the offense was allegedly committed; and


(2) were made to the first person, 18 years of age or older, other than the defendant,
to whom the child made a statement about the offense.


(b) A statement that meets the requirements of Subsection (a) of this article is not
inadmissible because of the hearsay rule if:


(1) on or before the 14th day before the date the proceeding begins, the party
intending to offer the