Opinion issued April 19, 2007












In The

Court of Appeals

For The

First District of Texas






NOS. 01-06-00078-CR

 01-06-00079-CR






JULIO RIVAS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause Nos. 1028880 & 1028881






MEMORANDUM OPINION

 Appellant, Julio Rivas, was charged by two indictments with sexual assault of
a child. A jury found appellant guilty as charged in each indictment and assessed
punishment at confinement for 50 years. The trial court ordered that the sentences
were to run cumulatively. On appeal, appellant complains that he received ineffective
assistance of counsel. We affirm. 

BACKGROUND


 Appellant came to Texas in 1994, leaving his pregnant wife and two-year-old
daughter (the complainant) in Nicaragua. Appellant's wife joined him in 1995, and
the two children stayed with their maternal grandmother in Nicaragua. Appellant and
his wife separated in 1999, and the children came to Texas in 2000. After living with
appellant for about two months, they began living with their mother and stayed with
appellant on weekends. 

 The complainant was eight years old when she first came to Texas and was 13
years old at the time of trial. She testified that appellant began to touch her
inappropriately two or three weeks after she began living with him. She testified that
the inappropriate touching continued after she was with appellant only on weekends
and that the touching progressed to oral sex. She testified that this would occur in the
bed where she and her younger brother slept with appellant or in the living room. She
said that, on one occasion, appellant carried her into the living room, removed her
clothes and his, and began kissing her on the neck. He performed oral sex on her and
then told her to do the same to him. She used dolls to show their positions, and she
described his ejaculation. She said that he then told her to go clean herself. 

 The complainant described another occasion when appellant took her and her
brother to Galveston in a van. They spent the night on the beach in the van. She
testified that appellant gave her brother a pill, and her brother fell asleep. Appellant
then performed oral sex on her. She stated that he tried to penetrate her sexual organ
with his, but she complained about the pain and he stopped. He proposed anal sex,
but she refused. 

 The complainant further testified about one time when she was in the fourth or
fifth grade that appellant picked her up from school and took her to a night club
where he worked. She stated that it was during the daytime and that no one else was
in the club. She testified that appellant put her on the pool table and performed oral
sex on her.

 She testified that, when she was about 11 years old, there was a period of
several months in which she did not see appellant. The next time she saw him, he
approached her, and she refused to let him touch her. She said that he did not touch
her after that incident. 

 The complainant testified that when she was 12 years old, she had sexual
relations on two occasions with her 16-year-old boyfriend. On the second occasion,
she began crying because she started remembering what appellant had done to her. 
Her boyfriend told her that she had to tell her mother. As a result of the
complainant's disclosure to her mother, the Department of Family and Protective
Services (DFPS) became involved. The complainant was interviewed at the
Children's Assessment Center by Lisa Holcomb, a forensic interviewer. About six
weeks later, appellant was interviewed by Tim Hagerty, a bilingual investigative
caseworker for DFPS. Both Holcomb and Hagerty testified at the trial regarding the
content of these interviews. 

 In a single point of error, appellant complains that he received ineffective
assistance of counsel during his trial. Appellant explicitly does not challenge the
sufficiency of the evidence. 

DISCUSSION


Standard of Review

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,
(1984). Appellant must show that (1) counsel's performance was so deficient that he
was not functioning as acceptable counsel under the Sixth Amendment, and (2) but
for the counsel's error, there is a reasonable probability that the result of the
proceedings would have been different. Strickland, 466 U.S. at 687, 694, 104 S. Ct.
at 2064, 2068; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). A reviewing court is
not required to consider these two components in any particular order. Strickland,
466 U.S. at 697, 104 S. Ct. at 2069. If the reviewing court can dispose of the claim
of ineffectiveness on the ground that there is an insufficient showing of prejudice, the
court may do so without reaching the issue of counsel's performance. Id. 

 It is the defendant's burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. The
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. See Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. 

Appellant's Claims

 Appellant asserts the following seven specific complaints regarding his trial
counsel's performance. 

 1. Trial counsel did not use a peremptory strike on an objectionable
venireperson. Venireperson number 31 was a deputy with the Harris County
Sheriff's Office. He was seated on the jury. When the trial court asked if there was
any objection to the jury as selected, appellant's counsel stated that he had intended
to strike number 31. Counsel did not specifically state that he objected to the jury. 
After some discussion, during which counsel stated that failing to strike number 31
was a mistake, the trial court declared that the jury would remain seated. Appellant
does not direct us to any evidence in the record to show that venireperson number 31
was biased or would refuse to consider the evidence in deliberations. 

 2. Trial counsel did not preserve error after challenging a venireperson for
cause. During voir dire, venireperson number 1 said that she had been sexually
abused as a child and did not "know if I would be biased or not." She also said that
she "probably would be biased." When asked by the trial court if she would base a
conviction on something other than the evidence, she answered, "No." Appellant's
counsel challenged number 1 for cause, and the trial court denied the challenge. 
Appellant's counsel exercised a peremptory strike on number 1, but did not request
an additional strike to replace the one used on her. Thus, counsel did not preserve a
complaint regarding his use of a peremptory strike on venireperson number 1. On
appeal, appellant does not claim that any juror, except for venireperson number 31,
should have been struck from the jury. 

 3. Trial counsel did not challenge the admissibility of appellant's written
and oral statements to the DFPS investigator. During his interview with Hagerty,
appellant first denied the complainant's allegations, then said he could not remember,
and finally admitted that he had committed the acts complained of, although he said
he did them only once. He wrote a statement in Spanish, which said, as translated by
Hagerty, "I Julio Rivas accept having touched my daughter [C] having kissed her and
touched her part and kissed and also I accept having tried to get her to touch my part. 
This happened one time but I accept what she says." Both the original written
statement and the English translation were admitted into evidence. Appellant's trial
counsel objected that there was no foundation to show that Hagerty was a certified
translator. Appellant complains on appeal that counsel did not file a motion to
suppress the confession, did not discuss the issue of the statements during voir dire,
and did not object to the testimony regarding the oral and written statements. The
only basis argued by appellant for excluding these statements was that they were
involuntary. 

 4. Trial counsel did not request a jury instruction regarding the
voluntariness of appellant's statements to Hagerty. At trial, when asked if Hagerty
had intimidated or threatened him, appellant responded, "Several times. . . . He told
me if I do not take what he was telling me I would go to jail and I was not going to
see my daughter again." Appellant testified that the video of the interview, which
was not offered into evidence by appellant or the State, did not show Hagerty's threat
and speculated that the video had been erased or cut. Appellant testified that he felt
intimidated by the presence of two police officers: one at the building entrance and
one in a room. Appellant's testimony was controverted by Hagerty, who stated that
he did not threaten appellant and that there were no police officers in the interview
room. Appellant argues that, although he had a right to a hearing, before the
statement was admitted into evidence, to determine the voluntariness of the
confession, that right was waived by counsel's failure to object to the confession's
admission. Appellant further argues that he was entitled to a charge to the jury on the
issue of voluntariness, but that counsel did not request such a charge.

 5. Trial counsel did not object properly to testimony of unadjudicated
offenses against the complainant and his ex-wife. The State elicited, without
objection, the testimony of the complainant about multiple occasions on which she
was sexually assaulted by appellant. The State had given notice that it would
introduce such evidence in its case in chief to show the state of mind of appellant and
the complainant and the previous and subsequent relationship between appellant and
the complainant. The State also elicited, without prior notice to appellant, testimony
from appellant's ex-wife regarding sexual relations between her and appellant. When
the prosecutor asked, "As a husband, did he request sex?", the following exchange
occurred: 

 [APPELLANT'S COUNSEL]: Your Honor, is this relevant? 
This trial is not about husband and wife." 


 THE COURT: Is that an objection? It is overruled. Let's
make a proper legal objection. . . . 


 [APPELLANT'S COUNSEL]: Yes, Your Honor.


 [PROSECUTOR]: What sort of sex drive did Julio have? 


 [APPELLANT'S COUNSEL]: Your Honor, I would object again. 


 THE COURT: Overruled. 


The State then questioned her regarding the nature and frequency of the sexual acts
performed. On cross-examination, appellant's counsel elicited testimony from
appellant's ex-wife that appellant forced her to engage in sexual acts that she did not
enjoy and to which she objected. Appellant does not contend that the elicited
testimony was irrelevant, only that it was prejudicial. Appellant does not attempt to
show that it was unfairly prejudicial. See Tex. R. Evid. 403 (providing for the
exclusion of relevant evidence on ground that it is unfairly prejudicial). 

 6. Trial counsel failed to request that the State elect which offense it would
rely on for conviction in each of the causes. Each of the indictments alleged a single
sex act. Appellant contends that the State presented evidence of more than the two
acts alleged in the indictments and complains that appellant's counsel did not request
that the State elect which offenses it relied on for conviction. Appellant asserts that
"counsel's failure to request an election implicates appellant's constitutional right to
a unanimous jury verdict." 

 Although the complainant testified generally about the nature and frequency
of the sexual assaults, she testified about only one instance of the offense specified
in the indictment for cause number 1028880. Therefore, for that offense, there was
nothing to elect. The complainant testified about three instances of the offense
specified in the indictment for cause number 1028881, but in its closing argument,
the State referenced only the offense that occurred in the night club. Arguably, the
State should have made an election among these offenses. However, on appeal,
appellant does not contend that such an election would have probably caused a
different result. 

 7. Trial counsel did not object to hearsay testimony regarding the
complainant's out-of-court statements and did not object to the lack of a reliability
hearing as required under article 38.072 of the Code of Criminal Procedure. Under
article 38.072, the hearsay statements of a child abuse victim, if the abuse was
committed against a child 12 years of age or younger, may be admitted into evidence 
if certain requirements are met, including a finding by the trial court, "in a hearing
conducted outside the presence of the jury, that the statement is reliable based on the
time, content, and circumstances of the statement." Tex. Code Crim. Proc. Ann. art.
38.072 (b)(2) (Vernon 2005). Appellant argues that, because trial counsel did not
request such a hearing, he waived this error. 

 When Holcomb was asked to testify regarding the complainant's statement,
trial counsel's objection, "Your Honor, object to hearsay" was overruled. This
objection was sufficient to preserve appellant's complaint regarding the admission
of the complainant's out-of-court statement to Holcomb. See Long v. State, 800
S.W.2d 545, 548 (Tex. Crim. App. 1990) (holding that objection to hearsay was
sufficient to preserve complaint regarding admission of child victim's outcry
statement). Because appellant objected to the hearsay testimony, the State had the
burden to show that the evidence was admissible under article 38.072 or some other
exception to the hearsay rule. Id.; see also Hayden v. State, 928 S.W.2d 229, 231
(Tex. App.--Houston [14th Dist.] 1996, pet. ref'd) ("The burden is on the state as the
proponent of the hearsay evidence to establish compliance with the mandatory
provisions of article 38.072 in order for the testimony to be rendered admissible."). 
Thus, appellant's trial counsel did not waive error regarding the hearsay testimony
of Holcomb. Appellant, however, has not urged this hearsay complaint on appeal.

CONCLUSION


 Although appellant cites case law to support his contention that each of trial
counsel's purported omissions is reversible error, he does not argue that, but for trial
counsel's errors, there is a reasonable probability that the result of the trial would
have been different. Appellant merely states that the appellate record "is sufficient
for this court to make a decision on the merits." (1) Furthermore, appellant does not
direct us to any evidence in the record to rebut the presumption that trial counsel's
actions were sound trial strategy.

 Because appellant has made no showing regarding the second component of
the Strickland standard, we overrule his sole point of error.

 Accordingly, we affirm the judgment. 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b). 
1. Appellant does not challenge the sufficiency of the evidence to support his
conviction. Moreover, although he requested a hearing on his motion for new trial in which
he asserted ineffective assistance of counsel, he does not complain on appeal that he was
denied such a hearing.