

# NUMBER 13-11-00189-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

STEPHEN CAPLE,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

## On appeal from the 23rd District Court
## of Brazoria County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

By four issues, appellant, Stephen Caple, challenges his conviction for continuous sexual abuse of a child under the age of fourteen for which he was sentenced to life imprisonment. *See* TEX. PENAL CODE ANN. § 21.02(b) (West 2011). He argues that there was error in the jury charge and in the trial court's admission of outcry testimony. We affirm.

## I. BACKGROUND

Appellant was indicted for continued sexual abuse of his step-daughter H.G., who was thirteen years old at the time of trial. The indictment spanned the period of time from October 1, 2007 to September 1, 2009. At trial, H.G. testified that appellant began raping her at the age of ten. H.G. testified that appellant had sex with her on multiple occasions in the year 2009, including her birthday, April 10. H.G. described the sex as both vaginal and oral penetration, including at least one instance in which appellant ejaculated in her mouth. H.G. also testified about a "pretend marriage" between her and appellant during that time. The "pretend marriage" was consummated with the two having sex afterward.

On December 12, 2009, H.G. gave birth to a child, and DNA tests confirmed that appellant is the child's father. At trial, H.G. testified that appellant had sex with her during her pregnancy, specifically, during the month of September. Before anyone knew H.G. was pregnant, H.G. told her grandmother she had sex with appellant. Other than becoming "upset," H.G.'s grandmother apparently did nothing in response, and H.G. continued having contact with appellant with her grandmother's knowledge.

H.G. later made an outcry concerning the abuse to Melissa Martinez, a relative with whom H.G. was placed in October 2009. H.G. was eleven years old at the time and gave birth approximately three weeks later. H.G. further said that although she initially did not like having sex with appellant, it occurred so many times she began to enjoy it and was infatuated with appellant by the time of her placement with Melissa.

The jury charge instructed the jury that they "must agree unanimously that the defendant, during a period that is thirty (30) or more days in duration, committed two or

more acts of sexual abuse." The application paragraph of the jury charge provided as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 1st day of October, 2007, through the 1st day of September, 2009, which said time period being a period that was 30 days or more in duration . . . .

In a separate paragraph, the jury charge stated in relevant part:

> In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict not guilty.

Appellant's counsel did not object to the charge.

During closing arguments, the State told the jury that "in order to find the defendant guilty, you must agree unanimously that the defendant, during a period that is 30 days or more in duration, committed two or more acts of sexual abuse." The State also argued that the evidence offered at trial proved that appellant committed at least three different instances of sexual abuse: (1) the act that resulted in the conception of H.G.'s child; (2) sexual intercourse on H.G.'s birthday; and (3) regular sexual intercourse taking place three to four times per week at different locations. The State's evidence covered a wide range of dates, encompassing a time span far greater than 30 days.

Appellant was found guilty and sentenced to life imprisonment. This appeal ensued.

## II. JURY CHARGE ERROR

In issues one, two, and three, appellant complains about error in the jury charge.

### A. Standard of Review

3

In determining whether there is reversible error in the jury charge, we first decide whether error exists, and if error exists, then we determine whether the defendant was harmed. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994). Any harm that is inflicted by an erroneous charge must be assessed in light of (1) the entire jury charge, (2) the state of the evidence, (3) the argument of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Ngo v. State*, 175 S.W.3d 738, 750 n.48 (Tex. Crim. App. 2005).

If error is found, the degree of harm necessary for reversal depends on whether the appellant preserved the error by objecting to the complained-of instruction. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If the defendant properly objected to the erroneous jury charge instruction, reversal is required if we find "some harm" to the defendant's rights. *Olivas*, 202 S.W.3d at 144; *Ngo*, 175 S.W.3d at 743; *Almanza*, 686 S.W.2d at 171. However, if the defendant did not object, we may only reverse if the record shows egregious harm to the defendant. *Olivas*, 202 S.W.3d at 144; *Ngo*, 175 S.W.3d at 743–44; *Almanza*, 686 S.W.2d at 171. Jury charge error is egregiously harmful if "it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (plurality op.)). We engage in this assessment to determine the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174. Furthermore, egregious

4

harm is a difficult standard to meet and must be determined on a case-by-case basis. *See Hutch*, 922 S.W.2d at 171.

## B. Applicable Law

The abstract or definitional paragraphs of the jury charge serve as a kind of glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge. *See Escobar v. State*, 28 S.W.3d 767, 778 (Tex. App.—Corpus Christi 2000, pet. ref'd). Thus, a charge is adequate if it contains an application paragraph that authorizes a conviction under conditions specified by other paragraphs of the charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs. *Id.*

## C. Discussion of Issues One and Two

In issues one and two, appellant complains that the application paragraph of the jury charge was erroneous because it did not instruct the jury that it was required to find beyond a reasonable doubt that appellant committed two or more acts of sexual abuse during a period of time that was 30 or more days in duration. *See* Tex. Penal Code Ann. § 21.02(b)(1).[1] Appellant argues that the jury charge used in this case was erroneous because it allowed the jury to assume, rather than find, that the acts of sexual abuse occurred during a period of 30 days or more.

In its brief, the State acknowledges that the specific language appellant complains about was previously held to be erroneous by the First Court of Appeals.

---

[1] At the time each act of sexual abuse is committed, the actor must be seventeen years of age or older, and the victim or victims must be younger than fourteen. Tex. Penal Code Ann. § 21.02(b)(2) (West Supp. 2011). An "act of sexual abuse" is an act that violates one or more specified penal laws, among them indecency with a child, aggravated sexual assault of a child, sexual assault of a child, and sexual performance by a child. *Id.* § 21.02(c).

*Smith v. State*, 340 S.W.3d 41, 50 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The State points out, however, that in the same case, the First Court of Appeals determined that the appellant had not been egregiously harmed by the error in the jury charge. *See id.* In sum, the State argues that the error in the jury charge did not cause egregious harm because the abstract portion of the charge set forth that the jury must have found beyond a reasonable doubt that the acts occurred during a period of thirty days or more. The State argues, therefore, that there was sufficient evidence to prove the essential element, and the jury was not misled by arguments made by the State. *See Bazanes v. State*, 310 S.W. 3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd) (holding that erroneous application paragraph that omitted essential element of offense did not constitute egregious harm where abstract portion set forth essential element, there was sufficient evidence to show essential element, and the jury was not misled by arguments of counsel but was repeatedly and correctly advised that the State had to prove essential elements of the offense). We agree with the State. Appellant's first and second issues are overruled.

**D. Discussion of Issue Three**

In issue three, appellant argues that the application paragraph in the jury charge was erroneous because it did not instruct the jury that "if it did not find all of the elements of the offense beyond a reasonable doubt, it should acquit the defendant and say by its verdict 'not guilty.'" As noted above, the jury charge did include the following instruction: "In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and

say by your verdict not guilty." Accordingly, there is no error. Appellant's third issue is overruled.

## III. HEARSAY

In issue four, appellant complains that the trial court erred in allowing hearsay testimony from an outcry witness. Appellant argues that the trial court erred in admitting the outcry testimony of Martinez in violation of article 38.072 of the Texas Code of Criminal Procedure because H.G.'s grandmother was the proper outcry witness, not Martinez. *See* TEX. CODE CRIM. PRO. ANN. art. 38.072.

### A. Standard of Review

The trial court has broad discretion to determine which of several witnesses is an outcry witness, and we will not disturb its decision absent a clear abuse of discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Hayden v. State*, 928 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). An abuse of discretion will not be found unless the trial court's decision is outside the zone of reasonable disagreement. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Tear v. State*, 74 S.W.3d 555, 558 (Tex. App.—Dallas 2002, pet. ref'd).

### B. Applicable Law

Article 38.072 of the Texas Code of Criminal Procedure establishes an exception to the hearsay rule for a statement made by a child victim "to the first person, eighteen years of age or older, other than the defendant" in which the child describes certain offenses, including sexual assault, committed against her when she was twelve years of age or younger. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a)(2) (West Supp. 2010). The exception applies only if, among other things, "the trial court finds in a

7

hearing conducted outside the presence of the jury, that the statement is reliable based on the time, context, and circumstances of the statement." *Id.* art. 38.072 § 2(b)(2).

**C. Discussion**

At trial, appellant objected to the testimony of Martinez on the sole basis that it lacked reliability. The trial court overruled the objection: "I will find that the statement is reliable. I overrule your objection based on time, content and circumstances of the statement pursuant to Article 38.072." On appeal, appellant seeks to attack Martinez's testimony on the basis that it constituted hearsay. However, appellant did not object on that basis at trial.

Appellant's objection to the "reliability" of Martinez's testimony did not shift the burden to the State to prove the outcry testimony complied with each requirement of article 38.072. *See Long v. State*, 800 S.W.2d 545, 547–48 (Tex. Crim. App. 1990) (holding that a hearsay objection to outcry testimony puts the burden on the State to prove the testimony is admissible under the provisions of article 38.072 or another hearsay exception); s*ee also Bennett v. State*, No. 12-07-00057-CR, 2007 Tex. App. LEXIS 9938, at *7 (Tex. App.—Tyler Dec. 21, 2007, no pet.) (mem. op., not designated for publication) ("Appellant's very specific objection was not a blanket hearsay objection that would preserve a complaint as to all elements of article 38.072. Instead, this objection was a complaint only as to the issue of reliability. As such, Appellant's objection was not sufficient to preserve his notice complaint.").

Reliability of an outcry statement is only one of the requirements of article 38.072. TEX. CODE CRIM. PROC. ANN. art. 38.072. For example, an outcry statement may be reliable but nevertheless inadmissible under article 38.072 section 2(a)(2) when

the statement concerns abuse that occurred when the victim was over twelve-years-old or the witness was not an adult or the first person to whom the outcry was made. *See id.* Thus, the objection to "reliability" only burdened the State to prove that "the statement is reliable based on the time, content, and circumstances of the statement." *Id.* This reliability objection did not preserve error concerning whether Martinez was the first adult to whom the outcry was made. *See id.* Accordingly, appellant's fourth issue is overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
29th day of March, 2012.

9