**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00205-CR**
_____

**TYRONE ARD JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-07-09288-CR**

---

**MEMORANDUM OPINION**

Tyrone Ard Jr. appeals his conviction for continuous sexual abuse of children. *See* Tex. Penal Code Ann. § 21.02(b). In two issues, Ard complains the trial court erred by designating an improper outcry witness and admitting extraneous offense evidence. For the reasons discussed below, we affirm the trial court's judgment.

## PERTINENT BACKGROUND

A grand jury indicted Ard for the offense of continuous sexual abuse of children occurring from on or about January 1, 2014 through October 22, 2018, alleging that he committed two or more acts of sexual abuse against A.M. and M.M.,[1] children who were younger than 14 years of age, namely, aggravated sexual assault of a child and indecency with a child by contact. *See id.*

The trial court conducted an outcry witness hearing outside the jury's presence to determine the admissibility of A.M.'s and M.M.'s outcry statements. *See* Tex Code Crim. Proc. Ann. art. 38.072. Rhonda, A.M.'s and M.M.'s mother, testified that Ard is A.M.'s father. Rhonda testified that A.M. and M.M. told her that Ard touched them inappropriately but did not go into detail or specifics about the abuse. Rhonda explained that when she spoke with the girls, they had already told her friend, Denise, what had happened.

---

[1] We refer to the crime victims by their initials and to their family members by their relationship or pseudonyms to protect their privacy. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's identity and privacy throughout the criminal justice process").

Denise explained that A.M. and M.M. told her Ard touched them in their private areas after her daughter, Carrie, came home upset because Ard tried to place Carrie's hand on his penis. Concerning the touching, Denise stated A.M. and M.M. "positioned to her vagina[]" and denied penetration. Denise called Rhonda and told her that she was not going to let the girls go with Ard.

Beth, who conducted a forensic interview of A.M. and M.M., testified that A.M. disclosed sexual abuse by Ard from the ages of six to nine or ten, which included digital penetration, attempted vaginal and anal penetration, anal penetration, forced oral, oral on her, and touching of her vagina. Beth testified that A.M. reported Ard used his penis and fingers. Regarding M.M., Beth testified that M.M. reported that from the ages of nine to ten, Ard had touched her vagina with his fingers on multiple occasions.

After presenting the outcry witnesses, the State asked the trial court to designate Beth as the outcry witness. Defense counsel objected and argued that Beth was not the first person over the age of 18 to whom A.M. and M.M. reported the sexual abuse. The State argued that A.M. and M.M. only made a general accusation of sexual abuse to Rhonda and Denise, and that Beth was the first person to whom A.M. and M.M. provided sufficient details about the abuse.

The trial court overruled defense counsel's objection and found that Beth was the proper outcry witness for A.M. and M.M. The trial court explained that A.M.

and M.M. only made a general allusion of sexual abuse of Rhonda and Denise but provided a more detailed description of the abuse to Beth.

The trial court also conducted a hearing regarding the admission of an extraneous offense Ard committed against Carrie. *See id.* art. 38.37(b). Carrie testified that she was 14 or 15 years old when Ard asked her "to, basically, entertain him and touch his area[,]" which was his "dick." Carrie explained that she only told her mom, Denise, about the incident. Carrie also explained that when she hugged Ard, he would rub his hand down her back near her hips.

Defense counsel objected to the admission of Carrie's testimony because it was different than her account in the police report and did not assert an assault. Defense counsel also complained that if Carrie voluntarily hugged Ard, there was a chance his hands were going to touch her back. The trial court found that Carrie's testimony that Ard touched her back was credible and sufficient for the jury to find beyond a reasonable doubt that it happened. The trial court explained that further cross-examination would determine whether the touching of her back was during her hugging him or something else. The trial court also found that the jury could find beyond a reasonable doubt that Ard requested Carrie to touch him on his sexual organ and that the evidence was admissible.

The trial court conducted a jury trial and, after considering the evidence, the jury found Ard guilty of the offense of continuous sexual abuse of children as alleged

4

in the indictment. After conducting a punishment hearing, the trial court assessed Ard's punishment at life in prison.

## ANALYSIS

In issue one, Ard complains the trial court erred by designating Beth as the outcry witness. According to Ard, the State failed to show that Beth was the first outcry witness to whom A.M. and M.M. told discernible details about the charged offense. The State argues that Beth was the proper outcry witness because A.M.'s and M.M.'s earlier outcry statements to Rhonda and Denise only generally alluded to the sexual abuse.

We review a trial court's decision to designate a witness as an outcry witness under an abuse of discretion standard. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Rosales v. State*, 548 S.W.3d 796, 806 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). An appellate court will uphold the trial court's designation of the witness if the decision is supported by the evidence. *Garcia*, 792 S.W.2d at 92. We will not find that an abuse of discretion occurred if the trial court's decision concerning the designation of the outcry witness was a decision that falls within the zone of reasonable disagreement. *Rosales*, 548 S.W.3d at 806.

Under Rule 802 of the Texas Rules of Evidence, hearsay is not admissible unless it falls within an exception to the hearsay rule. Tex. R. Evid. 802; *Hayden v. State*, 928 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).

Article 38.072 provides a statutory exception to the rule against hearsay for prosecutions of certain sexual crimes committed against a child younger than fourteen years of age. *See* Tex. Code Crim. Proc. Ann. art. 38.072 §§ 1, 2(b); *Hayden*, 928 S.W.2d at 231. Article 38.072 allows the admission of a child victim's out-of-court statement so long as that statement is a description of a prescribed offense and is offered into evidence by the first adult the victim told of the offense. *Sanchez v. State*, 354 S.W.3d 476, 484-85 (Tex. Crim. App. 2011).

As the proponent of the evidence, the State has the burden to establish the elements of article 38.072 for the testimony to be admissible. *Hayden*, 928 S.W.2d at 231. Specifically, the proponent must establish that the statements (1) were made by the child against whom the offense was allegedly committed; and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *See* Tex. Code Crim. Proc. Ann. art. 38.072 § (2)(a). The statute requires the trial court to conduct a hearing outside the presence of the jury to determine whether the victim's out-of-court statement is reliable based on the time, content, and circumstances of the statement. *Id.* § 2(b)(2); *Sanchez*, 354 S.W.3d at 484-85. Because the child's statement must describe the alleged offense in some discernible manner and "be more than words which give a general allusion that something in the area of child abuse was going on[,]" the evidence must clearly show that the child described the offense to the outcry witness.

6

*Garcia*, 792 S.W.2d at 91. The proper outcry witness is the first adult to whom the child tells the details of how, when, and where the sexual abuse occurred. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd).

The record shows that A.M.'s and M.M.'s outcry statements to Beth included specific details of how, when, and where the sexual abuse occurred while their earlier outcry statements to Rhonda and Denise only generally alluded to the sexual abuse and did not describe the abuse in a discernible manner. *See Garcia*, 792 S.W.2d at 91; *Reyes*, 274 S.W.3d at 727. Accordingly, we conclude the trial court did not abuse its discretion by designating Beth as the proper outcry witness for A.M. and M.M. *See Garcia*, 792 S.W.2d at 92. We overrule issue one.

In issue two, Ard complains the trial court erred by overruling his objection to Carrie testifying about an extraneous offense during the guilt/innocence stage of trial. *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 2(a)(2). Ard argues the evidence was inadmissible as contextual evidence, irrelevant, prejudicial, and did not implicate any of the exceptions under Rule 404(b). *See* Tex. R. Evid. 401, 402, 403, 404(b). Ard also complains that the State's pre-trial notice of extraneous offenses failed to sufficiently notify him of the events about which the witness testified. *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 3. The State argues Ard failed to preserve this issue for our review because his complaints on appeal do not comport with his objections during trial. We agree.

7

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a). A defendant's issue on appeal must comport with the specific objections he made at trial. *Sartin v. State*, 680 S.W.3d 663, 670 (Tex. App.—Beaumont 2023, no pet.) (citing *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002)). Based on our review of the record, Ard's objections during the pre-trial hearing concerning the admission of Carrie's extraneous offense testimony do not comport with the arguments he makes on appeal that the extraneous evidence was inadmissible. In fact, the only objection was that defense counsel doubted whether it happened and when Carrie testified later before the jury, there was no objection. When an appellant's trial objections do not comport with his arguments on appeal, the appellant has not preserved his complaint for our review. *See Borne v. State*, 593 S.W.3d 404, 412 (Tex. App.—Beaumont 2020, no pet.) (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986) (other citations omitted). Since Ard's complaints on appeal do not comport with his objections at trial, we conclude that Ard has not preserved any error. We overrule issue two.

## CONCLUSION

Having overruled both of Ard's issues, we affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on April 23, 2025
Opinion Delivered June 18, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

9