John DORADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–91–00109–CR.

Court of Appeals of Texas,
El Paso.

Feb. 12, 1992.

Charles H. Rennick, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

A jury convicted John Dorado, Appellant, of injury to a child and assessed punishment at 27 years' imprisonment. In four points of error, Appellant seeks review of the trial court's judgment. We reverse the judgment and remand the cause to the trial court for a new trial.

In Points of Error Nos. One and Two, Appellant contends that the trial court erred in admitting the testimony of the State's outcry witness because she was not the first person to whom the child reported the offense and Appellant was not given proper notice, respectively. See Tex.Code Crim.Pro.Ann. art. 38.072 (Vernon Supp. 1992). In his third point of error, Appellant argues that the trial court erred in admitting certain testimony of the State's expert witness. In his final point of error, Appellant contends that the trial court erred in denying his motion for mistrial following introduction of objectionable testimony of a police detective.

■ In the first point of error, it is complained that the trial court improperly designated Grace Camacho as the outcry witness because she was not the first person to whom the complainant reported the alleged offense. The Court of Criminal Appeals has opined that "first person" means one "to whom the child makes a statement that in some discernible manner describes the alleged offense." *Garcia v. State,* 792 S.W.2d 88, 91 (Tex.Crim.App.1990). Pursuant to Tex.Code Crim.Pro.Ann. art. 38.072,

the trial court is to hold an *in camera* hearing to make certain determinations in order for the testimony to qualify as a statutory exception to the hearsay rule, and the trial court is afforded broad discretion in making such determinations. *Garcia*, 792 S.W.2d at 92. Exercise of such discretion will not be disturbed on appeal absent a showing by the record of clear abuse of that discretion.

■ In the instant case, the complainant sneaked out of his house after receiving a beating from his stepfather, the Appellant. The child testified that he was going to his maternal grandmother's home. However, on the way, the complainant apparently told his next door neighbors and his uncle of the beating. Upon arriving at his grandmother's, the child related the story to his grandmother who sought and obtained the assistance of the child's aunt (a daughter of the grandmother), Grace Camacho. Ms. Camacho eventually became the State's outcry witness. Camacho, who is a social worker for Family Service of El Paso, testified in the *in camera* hearing that the complainant stated his father had hit him. Upon being asked where, the complainant pointed to his arms and backside. The complainant showed Camacho the bruises on his arms and buttocks which were allegedly caused by a belt. Camacho then reported the incident to the authorities. In response to questions from defense counsel, Camacho stated that her mother had probably asked questions of the child prior to summoning her.

The complainant also testified, at Appellant's request, during the hearing and stated that he explained to Camacho how and why he was spanked. However, the record from the hearing does not indicate the extent to which the complainant detailed the alleged offense to either the grandmother, the uncle or the neighbors.[1] Furthermore, neither the neighbors, uncle nor grandmother were called during the hearing to relate any of the specific details of the

complainant's description of the alleged offense made to them. *See Garcia*, 792 S.W.2d at 91–92. Consequently, we are unable to conclude from the record that the trial court clearly abused its discretion in designating Camacho as the outcry witness. *Id.* Point of Error No. One is overruled.

■ In Point of Error No. Two, Appellant argues that testimony by Camacho was improperly admitted over objection that he had not received the statutorily required notice. In pertinent part, the statute provides:

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

. . . .

Tex.Code Crim.Pro.Ann. art. 38.072 § 2(b). Appellant complains that he was not provided with a written summary of Camacho's statement in a timely fashion.

The record indicates that the State did timely provide notice of its intent to offer the statement. However, this notice was not accompanied with the required written summary. The Court of Criminal Appeals has stated "the provisions of the statute, including the notice and hearsay requirements, are mandatory, and must be complied with in order for a statement to be admissible over a hearsay objection." *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim.App.1990). Since compliance with the statute is necessary to render otherwise inadmissible hearsay admissible as a statutory exception to the hearsay rule and the

---

1. Prior to this hearing, the complainant had testified in which he stated, during cross-examination, that he told his uncle about the spanking and why he was spanked. Although it is clear

that the complainant talked to his grandmother, the extent of the information given her is not illustrated by the record.

State did not comply, it was error to admit the statement.[2]

We must next determine whether this error commands a reversal. In an appeal from a criminal proceeding, the judgment shall be reversed unless we determine beyond a reasonable doubt that the error made no contribution to the conviction. Tex.R.App.P. 81(b)(2). Due to the mandatory nature of the statutory provisions as to admissibility of the otherwise inadmissible outcry witness's hearsay testimony, Appellant's objection which adequately apprised the court and opposing counsel of the failure to comply with the Article 38.-072 requirements, should have been sustained. *Long*, 800 S.W.2d at 548. Consequently, we will presume harm existed in admission of the testimony. *See generally, Cockrum v. State*, 758 S.W.2d 577, 584 (Tex.Crim.App.1988) (error presumed if trial court disallows accused's proper *voir dire* question).

Presuming harm to exist, we sustain Point of Error No. Two. As a result, we must reverse the judgment and remand the cause to the trial court for a new trial.[3]

---

**2.** The State relies upon Courts of Appeals' opinions issued prior to *Long* which state that an accused could not show harm if the record indicated that he had viewed the State's file and, thus, had notice of the contents of the witness's statement. However, since the issuance of *Long*, those cases are clearly no longer controlling even though Appellant admitted to the trial court that he had viewed the State's file long before trial. See *Long*, 800 S.W.2d 545.

**3.** Due to this disposition of Appellant's second point of error, we need not address his remaining points of error.