John DORADO, Appellant,

v.

The STATE of Texas.

No. 403–92.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 9, 1992.

Charles H. Rennick, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., David Hilton, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Jeffrey L. Van Horn, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

█ We granted review on two grounds; the one more germane to the error found by the court of appeals reads as follows:

2. Is a harm analysis, pursuant to Tex. R.App.P. 81(b)(2), precluded if an appellate court determines that there has been a violation of the 'mandatory' notice requirements contained in Vernon's Ann. C.C.P. Art. 38.072, § 2(b).

State's PDR, at 5.[1] See *Dorado v. State,* 824 S.W.2d 794 (Tex.App.—El Paso 1992), holding that since under *Long v. State,* 800 S.W.2d 545, at 547 (Tex.Cr.App.1990), compliance is necessary to "render otherwise inadmissible hearsay admissible as a statutory exception to the hearsay rule," the trial court erred to admit the statement. *Id.,* at 795–796.

Although it correctly applied *Long v. State,* supra, to the facts of the case in finding error, the court of appeals seemingly was led by the "mandatory nature of the statutory provisions [in Article 38.072, § 2(b)]" to "*presume* harm existed in ad-

---

1. The first ground for review presents as a general proposition whether a harm analysis under Rule 81(b)(2) is precluded by an appellate deter-

mination that "mandatory" provisions of a statute were violated. Because we need not reach

*mission of the testimony."* *Id.,* at 796.[2] In this instance, however, the focus must be on the effect of noncompliance with the statute on admissibility of the proffered testimony.

■ When offered for the truth of the matters asserted, so called "outcry testimony" is hearsay; as such, it is objectionable unless the testimony is permitted by a prescribed exception to the hearsay rule. See Tex.R.Cr.Evid. 801 and 802.

■ Article 38.072 creates just such an exception to the hearsay rule of exclusion, but only when requisite statutory conditions are met. Here, as the court of appeals rightly held, the State did not comply with the mandate that its notice to appellant be associated "with a written summary of the statement." *Id.,* § 2(b)(1)(C); *Dorado,* supra, at 795.

Therefore, the State failed to lay the proper mandatory predicate for achieving admissibility of testimony that is otherwise inadmissible hearsay. Thus such testimony was objectionable on that account. Appellant did object; the trial court should have sustained rather than overrule his objection and thereby fell into error in admitting plain hearsay testimony.

But *that* error does not invoke the "mandatory statute" immunization doctrine exemplified by cases such as *Sodipo v. State,* 815 S.W.2d 551 (Tex.Cr.App.1990). Erroneous admission of hearsay evidence has always been subject to a harm analysis—before and after Rule 81(b)(2)—because the record *will* reveal enough "concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error." *Id.,* at 554.

Thus, the court of appeals should not "presume harm," instead of making a harm analysis pursuant to Rule 81(b)(2).

Accordingly, we vacate the judgment of the court of appeals and remand the cause

that question here, we will dismiss the first ground for review as improvidently granted.

to that court for reconsideration under Rule 81(b)(2).

McCORMICK, P.J., not participating.

**2.** Emphasis here and throughout is added by the writer of this opinion unless otherwise indicated.