NO. 07-05-0207-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 3, 2005



______________________________




CURTIS BENARD ROBBINS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,313-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

 Following a plea of not guilty, appellant Curtis Benard Robbins was convicted by a
jury of indecency with a child by sexual contact and sentenced to 16 years confinement. 
In presenting this appeal, counsel has filed an Anders (1) brief in support of a motion to
withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown that he sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that he notified appellant of his
right to review the record and file a pro se response if he desired to do so. Appellant did
not file a response. Neither did the State favor us with a brief.

 Appellant lived with his wife, Grazyna, and her minor stepdaughter, S.W. When
S.W. was 11 years old, she related to her school counselor that appellant used to come
into her room and touch her private parts. She also told the counselor that video cameras
had been placed in her bedroom and bathroom. At trial, Grazyna testified she found a
video tape in a spare bedroom used by appellant which depicted images of S.W.'s
bedroom and of S.W. taking a bath. The video tape was played for the jury. Grazyna
further testified that, after viewing the tape, she searched S.W.'s room and discovered a
camera hidden in the drapes and a hole in the wall between the linen closet and the
bathroom. When confronted with the camera, appellant told Grazyna that he was using
the camera to blackmail S.W. so that she would start minding him. Grazyna divorced
appellant the following year.

 The jury also heard testimony from the nurse practitioner who conducted the sexual
assault examination. S.W. told the nurse that appellant began sexually abusing her when
she was in first grade. The physical examination revealed a healed tear on S.W.'s hymen. 
After hearing the evidence, the jury convicted appellant of indecency with a child by sexual
contact and assessed his punishment at 16 years confinement. Appellant subsequently
filed a notice of appeal. 

 By his Anders brief, counsel concedes three grounds that could arguably support
an appeal. The first is whether the trial court abused its discretion in admitting the
testimony of the school counselor into evidence as statements from an outcry witness. An
outcry witness is the first adult to whom the child victim makes a statement about the
offense. See Tex. Code Crim. Proc. Ann. art. 38.072 , § 2(a)(2) (Vernon 2005). Outcry
statements are excepted from the hearsay rule of exclusion. Id. at § 2(b); Dorado v. State,
843 S.W.2d 37, 38 (Tex.Cr.App. 1992). Article 38.072 applies to prosecutions of certain
offenses committed against a child 12 years old or younger. Tex. Code Crim. Proc. Ann.
art. 38.072, § 1. The victim's age when the offense is committed triggers whether the
statute applies, not the victim's age at the time the outcry statement is made. See Harvey
v. State, 123 S.W.3d 623, 627-29 (Tex.App.-Texarkana 2003, pet. ref'd).

 In the present case, testimony indicated that S.W. was less than 12 years of age at
the time the offense was committed. The State called S.W.'s school counselor, Laura Lynn
Click, as their outcry witness. Appellant's trial counsel objected to her testimony as
inadmissible under Crawford v. Washington, 541 U.S. 36 (2004), because it was
"testimonial in nature." The objection was overruled and the testimony was admitted. 
Crawford holds that out-of-court testimonial evidence from a witness is prohibited, under the
Confrontation Clause, unless the witness is unavailable and the defendant had a prior
opportunity to cross-examine the witness. Id. Here, appellant's reliance on Crawford is
misplaced. The State did not attempt to present out-of-court testimonial evidence, both the
outcry witness and the victim were available at trial, and appellant had an opportunity to
cross-examine both. We conclude the trial court did not abuse its discretion because
Crawford is not applicable, and the outcry testimony was properly admitted under article
38.072.

 The second point presented is whether the trial court abused its discretion in
admitting the video tape showing S.W.'s bedroom and S.W. taking a bath into evidence
over appellant's objection. During the State's direct examination of Grazyna, the State
proposed to play a copy of the video tape she found in the spare bedroom for the jury. Trial
counsel immediately objected that the State had not laid a proper foundation. Specifically,
counsel for appellant asserted that there was no testimony concerning whether Grazyna
had viewed the copy of the tape, the type of recording equipment used, or whether the tape
had been edited. Counsel's objection was overruled and the tape was played for the jury.

 Rule 901(a) of the Rules of Evidence provides that "authentication or identification
as a condition precedent to admissibility is satisfied by evidence sufficient to support a
finding that the matter in question is what its proponent claims." Rule 901(b) provides
several acceptable methods for properly authenticating or identifying evidence. Testimony
of a witness with knowledge that a matter is what it is claimed to be is sufficient to
authenticate a tape recording. Tex. R. Evid. 901(b)(1). Here, the State submitted to the jury
that the video tape offered into evidence was a copy of the original that Grazyna found in
the spare bedroom. Prior to its admission, Grazyna testified that the tape was a true and
accurate copy. Under Rule 901, we find this testimony was sufficient to authenticate the
tape.

 The third point presented is whether the trial court should have granted a mistrial due
to juror misconduct. Following his conviction, appellant filed a motion for new trial pursuant
to Rule 21.3(f) of the Rules of Appellate Procedure alleging that a juror spoke with someone
about the case during the course of the trial. A sworn affidavit from a witness was attached
to the motion and stated the events as follows:

 My mom and I were sitting outside the 320th District Court during Curtis
Robbins' jury trial. I observed three men who appeared to be working on
some wiring in the public area where we were sitting. Two of the men were
working on the wiring and then their boss showed up. The boss asked one of
the men, "Where is your dad? Is he still in the courtroom?" The son said,
"They are still deliberating." The other man asked the son, "What is this case
about" The son replied, "My dad told me it's about a guy that fingered a little
girl."


 When a juror converses with an unauthorized person about a case, "injury to the
accused is presumed," and a new trial may be warranted. Quinn v. State, 958 S.W.2d 395,
401 (Tex.Cr.App. 1997) (citing Robinson v. State, 851 S.W.2d 216, 230 (Tex.Cr.App.
1991)); Tex. R. App. P. 21.3(f). However, this presumption may be rebutted. Quinn, 958
S.W.2d at 401. Here, nothing in the motion for new trial or the attached affidavit identifies
the alleged juror involved in the conversation or whether the "dad" referred to in the
overheard conversation actually served on the jury panel. Without further evidence from
the record, we find the trial court did not err by failing to grant a mistrial.

 We have made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).