NO. 07-05-0207-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 3, 2005

_____

CURTIS BENARD ROBBINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,313-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Curtis Benard Robbins was convicted by a jury of indecency with a child by sexual contact and sentenced to 16 years confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

_____

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.–San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

Appellant lived with his wife, Grazyna, and her minor stepdaughter, S.W. When S.W. was 11 years old, she related to her school counselor that appellant used to come into her room and touch her private parts. She also told the counselor that video cameras had been placed in her bedroom and bathroom. At trial, Grazyna testified she found a video tape in a spare bedroom used by appellant which depicted images of S.W.'s bedroom and of S.W. taking a bath. The video tape was played for the jury. Grazyna further testified that, after viewing the tape, she searched S.W.'s room and discovered a camera hidden in the drapes and a hole in the wall between the linen closet and the bathroom. When confronted with the camera, appellant told Grazyna that he was using the camera to blackmail S.W. so that she would start minding him. Grazyna divorced appellant the following year.

The jury also heard testimony from the nurse practitioner who conducted the sexual assault examination. S.W. told the nurse that appellant began sexually abusing her when she was in first grade. The physical examination revealed a healed tear on S.W.'s hymen. After hearing the evidence, the jury convicted appellant of indecency with a child by sexual contact and assessed his punishment at 16 years confinement. Appellant subsequently filed a notice of appeal.

By his *Anders* brief, counsel concedes three grounds that could arguably support an appeal. The first is whether the trial court abused its discretion in admitting the testimony of the school counselor into evidence as statements from an outcry witness. An outcry witness is the first adult to whom the child victim makes a statement about the offense. *See* Tex. Code Crim. Proc. Ann. art. 38.072 , § 2(a)(2) (Vernon 2005). Outcry statements are excepted from the hearsay rule of exclusion. *Id.* at § 2(b); Dorado v. State, 843 S.W.2d 37, 38 (Tex.Cr.App. 1992). Article 38.072 applies to prosecutions of certain offenses committed against a child 12 years old or younger. Tex. Code Crim. Proc. Ann. art. 38.072, § 1. The victim's age when the offense is committed triggers whether the statute applies, not the victim's age at the time the outcry statement is made. *See* Harvey v. State, 123 S.W.3d 623, 627-29 (Tex.App.-Texarkana 2003, pet. ref'd).

In the present case, testimony indicated that S.W. was less than 12 years of age at the time the offense was committed. The State called S.W.'s school counselor, Laura Lynn Click, as their outcry witness. Appellant's trial counsel objected to her testimony as inadmissible under Crawford v. Washington, 541 U.S. 36 (2004), because it was

"testimonial in nature." The objection was overruled and the testimony was admitted. *Crawford* holds that out-of-court testimonial evidence from a witness is prohibited, under the Confrontation Clause, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Id.* Here, appellant's reliance on *Crawford* is misplaced. The State did not attempt to present out-of-court testimonial evidence, both the outcry witness and the victim were available at trial, and appellant had an opportunity to cross-examine both. We conclude the trial court did not abuse its discretion because *Crawford* is not applicable, and the outcry testimony was properly admitted under article 38.072.

The second point presented is whether the trial court abused its discretion in admitting the video tape showing S.W.'s bedroom and S.W. taking a bath into evidence over appellant's objection. During the State's direct examination of Grazyna, the State proposed to play a copy of the video tape she found in the spare bedroom for the jury. Trial counsel immediately objected that the State had not laid a proper foundation. Specifically, counsel for appellant asserted that there was no testimony concerning whether Grazyna had viewed the copy of the tape, the type of recording equipment used, or whether the tape had been edited. Counsel's objection was overruled and the tape was played for the jury.

Rule 901(a) of the Rules of Evidence provides that "authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 901(b) provides several acceptable methods for properly authenticating or identifying evidence. Testimony

4

of a witness with knowledge that a matter is what it is claimed to be is sufficient to authenticate a tape recording. Tex. R. Evid. 901(b)(1). Here, the State submitted to the jury that the video tape offered into evidence was a copy of the original that Grazyna found in the spare bedroom. Prior to its admission, Grazyna testified that the tape was a true and accurate copy. Under Rule 901, we find this testimony was sufficient to authenticate the tape.

The third point presented is whether the trial court should have granted a mistrial due to juror misconduct. Following his conviction, appellant filed a motion for new trial pursuant to Rule 21.3(f) of the Rules of Appellate Procedure alleging that a juror spoke with someone about the case during the course of the trial. A sworn affidavit from a witness was attached to the motion and stated the events as follows:

> My mom and I were sitting outside the 320th District Court during Curtis Robbins' jury trial. I observed three men who appeared to be working on some wiring in the public area where we were sitting. Two of the men were working on the wiring and then their boss showed up. The boss asked one of the men, "Where is your dad? Is he still in the courtroom?" The son said, "They are still deliberating." The other man asked the son, "What is this case about" The son replied, "My dad told me it's about a guy that fingered a little girl."

When a juror converses with an unauthorized person about a case, "injury to the accused is presumed," and a new trial may be warranted. Quinn v. State, 958 S.W.2d 395, 401 (Tex.Cr.App. 1997) (citing Robinson v. State, 851 S.W.2d 216, 230 (Tex.Cr.App. 1991)); Tex. R. App. P. 21.3(f). However, this presumption may be rebutted. *Quinn*, 958 S.W.2d at 401. Here, nothing in the motion for new trial or the attached affidavit identifies

5

the alleged juror involved in the conversation or whether the "dad" referred  to in the overheard conversation actually served on the jury panel.  Without further evidence from the record, we find the trial court did not err by failing to grant a mistrial.

We have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal.  *See*  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis<br>
Justice

Do not publish.