

**NUMBER 13-06-364-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**ROBERT BERMEA,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

---

**On appeal from the 329th District Court of Wharton County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Benavides**

After a jury trial, appellant, Robert Bermea, was convicted of one count of aggravated sexual assault of a child and two counts of indecency with a child. *See* TEX. PENAL CODE ANN § 21.11(a)(1) (Vernon 2003) (indecency), § 22.021(B) (Vernon Supp. 2008) (aggravated sexual assault). The jury assessed punishment at eighty years'

confinement for the aggravated sexual assault offense and twenty years' confinement for each count of indecency with a child, to run concurrently. On appeal, Bermea asserts that the trial court erred in admitting the testimony of the outcry witness. We affirm.[1]

## I. Discussion

Bermea contends that the trial court committed reversible error when it allowed the outcry witness, Valerie Brock, to testify. Specifically, Bermea alleges that the three complainants made outcries to other qualified persons before making outcries to Brock. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon 2005) (providing that the proper outcry witness is the first person, over eighteen years of age, to whom the child-victim made a statement about the offense). Bermea claims that the proper outcry witness for two complainants, M.M. and K.S., was their mother and that the proper outcry witnesses for K.K., the third complainant, were a Children's Protective Services worker, a Court Appointed Special Advocates volunteer, and the child's mother. The State responds that Brock was the first person, over the age of eighteen, to whom the children made outcries. Even if the admission of Brock's testimony was error, we conclude that the error is harmless.

### A.  Standard of Review

An error in the admission or exclusion of evidence is subject to the harm analysis set forth in rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *Dorado v. State*, 843 S.W.2d 37, 38 (Tex. Crim. App. 1992); *Matz v. State*, 21 S.W.3d 991, 912 (Tex. App.–Fort Worth 2000, pet. ref'd) (citing *Johnson v. State*, 967 S.W.2d 410,

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we will not recite the facts here except as necessary to advise the parties of the Court's decision and the basic reasons for it. TEX. R. APP. P. 47.4.

417 (Tex. Crim. App. 1998)). Rule 44.2(b) mandates that we disregard any non-constitutional error unless it affects Bermea's substantial rights. TEX. R. APP. P. 44.2(b); *see Johnson*, 967 S.W.2d at 417 (discussing the erroneous admission of inadmissible hearsay as non-constitutional error).[2] A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). If other properly admitted evidence proves the same facts, the error is harmless. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Matz*, 21 S.W.3d at 912. Additionally, "we should not reverse a conviction for the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Cobb v. State*, 85 S.W.3d 258, 272 (Tex. Crim. App. 2002) (quoting *Johnson*, 967 S.W.2d at 417).

## B. Analysis

During the State's case-in-chief, Bermea's sworn, voluntary statement was admitted into evidence and published to the jury without objection.[3] In that statement, Bermea said:

> I did wrong and I know it. I did do the things that the kids said about me
>
> . . . .

---

[2] Article 38.072 of the code of criminal procedure requires that the complainants be available to testify; the record indicates that one complainant did testify and that the other two complainants were available but were not called by either side. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(3) (Vernon 2005); *see Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005); *see generally Crawford v. Washington*, 541 U.S. 36 (2004).

[3] On appeal, Bermea does not contest the voluntariness of this statement. Therefore, the issue is not before us. *See Swearingen v.* State, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003); *see also Gonzalez v. Cruz*, No. 13-07-351-CV, 2008 Tex. App. LEXIS 5285, at *5 (Tex. App.–Corpus Christi July 17, 2008, no. pet. h.) (mem. op.) (citing *Bankhead v. Maddox*, 135 S.W.3d 162, 163-64 (Tex. App.–Tyler 2004, no pet.)).

I remember that I kissed [K.S.][4] on her private part and I put my hands down the panties of [M.M.]. I probably touched the girls [K.S. and M.M.] two or three different times

. . . .

Before this happened with [K.S.] and [M.M.] [sic] I also messed with [K.K.]

. . . .

I rubbed my fingers on her [and] put my fingers in her a little way

. . . .

I messed with [K.K.] like maybe five times

. . . .

I am willing to suffer the consequences from this. . . .

Even if Brock was not the proper outcry witness, Bermea's statement proves the same facts provided in Brock's testimony.[5] *See Brooks*, 990 S.W.2d at 287; *Matz*, 21 S.W.3d at 912. Bermea's sworn statement, which was admitted without objection, gives us a fair assurance that the error, if any, did not influence the jury or only had a slight effect. *See Cobb*, 85 S.W.3d at 272; *Jannise v. State*, 789 S.W.2d 623, 626 (Tex. App.–Beaumont 1990, pet. ref'd) (holding that any error in admitting outcry testimony was rendered harmless because defendant's statement admitted during trial confessed to the majority of the acts alleged); *see also Luera v. State*, No. 07-98-0118-CR, 1998 WL 918883, at *2 (Tex. App.–Amarillo 1998, pet. ref'd) (not designated for publication) (citing

---

[4] The record includes several different last names for the victims. The initials of the victims' names are based on the names used in the indictment.

[5] In addition to Bermea's sworn statement, other evidence admitted at trial tending to prove the same facts includes: Bermea's testimony that he kissed K.S. on her private part; Bermea's videotaped statement containing much the same material as his written statement; and M.M.'s testimony that Bermea kissed her on her "bottom parts."

4

*Dorado*, 843 S.W.2d at 38); *cf. Mallory v. State*, 752 S.W.2d 566, 570-571 (Tex. Crim. App. 1988) (concluding that admitting the complainant's videotaped testimony in violation of the Confrontation Clause was harmful error where the defendant's sworn, written statement denied the charge against him). We therefore hold that even if the trial court erred in admitting Brock's outcry testimony, such error was harmless. Accordingly, we overrule Bermea's sole issue on appeal.

## II. CONCLUSION

We affirm the decision of the trial court.

_____
GINA M. BENAVIDES
Justice

Do not publish.
See TEX. R. APP. P. 47.2(b)

Memorandum Opinion delivered and
filed this the 25th day of September, 2008.

5