NUMBER 13-06-364-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ROBERT BERMEA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 329th District Court of Wharton County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Justice Benavides



 After a jury trial, appellant, Robert Bermea, was convicted of one count of
aggravated sexual assault of a child and two counts of indecency with a child. See Tex.
Penal Code Ann § 21.11(a)(1) (Vernon 2003) (indecency), § 22.021(B) (Vernon Supp.
2008) (aggravated sexual assault). The jury assessed punishment at eighty years'
confinement for the aggravated sexual assault offense and twenty years' confinement for
each count of indecency with a child, to run concurrently. On appeal, Bermea asserts that
the trial court erred in admitting the testimony of the outcry witness. We affirm. (1)

I. Discussion


 Bermea contends that the trial court committed reversible error when it allowed the
outcry witness, Valerie Brock, to testify. Specifically, Bermea alleges that the three
complainants made outcries to other qualified persons before making outcries to Brock. 
See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2005) (providing that the proper
outcry witness is the first person, over eighteen years of age, to whom the child-victim
made a statement about the offense). Bermea claims that the proper outcry witness for
two complainants, M.M. and K.S., was their mother and that the proper outcry witnesses
for K.K., the third complainant, were a Children's Protective Services worker, a Court
Appointed Special Advocates volunteer, and the child's mother. The State responds that
Brock was the first person, over the age of eighteen, to whom the children made outcries. 
Even if the admission of Brock's testimony was error, we conclude that the error is
harmless.

A. Standard of Review 

 An error in the admission or exclusion of evidence is subject to the harm analysis
set forth in rule 44.2(b) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 44.2(b); 
Dorado v. State, 843 S.W.2d 37, 38 (Tex. Crim. App. 1992); Matz v. State, 21 S.W.3d
991, 912 (Tex. App.-Fort Worth 2000, pet. ref'd) (citing Johnson v. State, 967 S.W.2d 410,
417 (Tex. Crim. App. 1998)). Rule 44.2(b) mandates that we disregard any non-constitutional error unless it affects Bermea's substantial rights. Tex. R. App. P. 44.2(b); 
see Johnson, 967 S.W.2d at 417 (discussing the erroneous admission of inadmissible
hearsay as non-constitutional error). (2) A substantial right is affected when the error has a
substantial and injurious effect or influence in determining the jury's verdict. King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S.
750, 776 (1946)). If other properly admitted evidence proves the same facts, the error is
harmless. See Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); Matz, 21
S.W.3d at 912. Additionally, "we should not reverse a conviction for the erroneous
admission of evidence if the appellate court, after examining the record as a whole, has
fair assurance that the error did not influence the jury, or had but a slight effect." Cobb v.
State, 85 S.W.3d 258, 272 (Tex. Crim. App. 2002) (quoting Johnson, 967 S.W.2d at 417).

B. Analysis

 During the State's case-in-chief, Bermea's sworn, voluntary statement was admitted
into evidence and published to the jury without objection. (3) In that statement, Bermea said:

 I did wrong and I know it. I did do the things that the kids said about me

 . . . . 

 I remember that I kissed [K.S.] (4) on her private part and I put my hands down
the panties of [M.M.]. I probably touched the girls [K.S. and M.M.] two or
three different times


 . . . . 

 

 Before this happened with [K.S.] and [M.M.] [sic] I also messed with [K.K.]

 . . . . 

 I rubbed my fingers on her [and] put my fingers in her a little way

 . . . . 

 I messed with [K.K.] like maybe five times

 . . . . 

 I am willing to suffer the consequences from this. . . . 

 Even if Brock was not the proper outcry witness, Bermea's statement proves the
same facts provided in Brock's testimony. (5) See Brooks, 990 S.W.2d at 287; Matz, 21
S.W.3d at 912. Bermea's sworn statement, which was admitted without objection, gives
us a fair assurance that the error, if any, did not influence the jury or only had a slight
effect. See Cobb, 85 S.W.3d at 272; Jannise v. State, 789 S.W.2d 623, 626 (Tex.
App.-Beaumont 1990, pet. ref'd) (holding that any error in admitting outcry testimony was
rendered harmless because defendant's statement admitted during trial confessed to the
majority of the acts alleged); see also Luera v. State, No. 07-98-0118-CR, 1998 WL
918883, at *2 (Tex. App.-Amarillo 1998, pet. ref'd) (not designated for publication) (citing
Dorado, 843 S.W.2d at 38); cf. Mallory v. State, 752 S.W.2d 566, 570-571 (Tex. Crim. App.
1988) (concluding that admitting the complainant's videotaped testimony in violation of the
Confrontation Clause was harmful error where the defendant's sworn, written statement
denied the charge against him). We therefore hold that even if the trial court erred in
admitting Brock's outcry testimony, such error was harmless. Accordingly, we overrule
Bermea's sole issue on appeal.

 II. Conclusion

 We affirm the decision of the trial court. 


 __________________________

 GINA M. BENAVIDES

 Justice

Do not publish.

See Tex. R. App. P. 47.2(b)


Memorandum Opinion delivered and 

filed this the 25th day of September, 2008.

 
1. As this is a memorandum opinion and the parties are familiar with the facts, we will not recite the
facts here except as necessary to advise the parties of the Court's decision and the basic reasons for it. Tex.
R. App. P. 47.4.
2. Article 38.072 of the code of criminal procedure requires that the complainants be available to testify;
the record indicates that one complainant did testify and that the other two complainants were available but
were not called by either side. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(3) (Vernon 2005); see Martinez
v. State, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005); see generally Crawford v. Washington, 541 U.S. 36
(2004).
3. On appeal, Bermea does not contest the voluntariness of this statement. Therefore, the issue is
not before us. See Swearingen v. State, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003); see also Gonzalez v.
Cruz, No. 13-07-351-CV, 2008 Tex. App. LEXIS 5285, at *5 (Tex. App.-Corpus Christi July 17, 2008, no. pet.
h.) (mem. op.) (citing Bankhead v. Maddox, 135 S.W.3d 162, 163-64 (Tex. App.-Tyler 2004, no pet.)).
4. The record includes several different last names for the victims. The initials of the victims' names
are based on the names used in the indictment.
5. In addition to Bermea's sworn statement, other evidence admitted at trial tending to prove the same
facts includes: Bermea's testimony that he kissed K.S. on her private part; Bermea's videotaped statement
containing much the same material as his written statement; and M.M.'s testimony that Bermea kissed her
on her "bottom parts."